IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR-07-182-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| ELVEN J. SWISHER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM DECISION**

Defendant Swisher has filed a motion for new trial pursuant to Rule 33. That motion, if based on any reason other than newly discovered evidence, must be brought within seven days after the verdict. He has three years if the motion is supported by newly discovered evidence.

The verdict in this case was issued on April 9, 2008. Swisher filed his motion on September 19, 2008, more than five months after the verdict. Hence, Swisher must support his motion with newly discovered evidence.

Swisher's basic claim is that his counsel was ineffective because they had previously represented an individual with interests directly in conflict with Swisher's interests. The Circuit has held that claims of ineffective assistance of

**Memorandum Decision and Order – Page 1**

counsel, even if unknown to the defendant at the time of trial, cannot supply the newly discovered evidence required by Rule 33. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997). The exclusive means for raising these claims is a habeas motion under § 2255. *Id*. at 299-300. In addition, the record is clear that Swisher knew about the allegedly conflicting representation prior to trial, and hence the claim is not based on newly discovered evidence. Accordingly, the Court will deny the motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for new trial (Docket No. 74) is DENIED.

IT IS FURTHER ORDERED, that the hearing set for December 12, 2008, is VACATED.

DATED:  **December 10, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 2**