IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. CR-07-182-S-BLW |
| v. | ) ) | **RESTITUTION ORDER** |
| ELVEN J. SWISHER, | ) ) ) | |
| Defendant. | ) ) | |

## BACKGROUND

Defendant, Elven Swisher, was sentenced on January 5, 2009, after having been convicted by a jury of wearing unauthorized military medals, false statements, and theft of U.S. Government funds. Determination of restitution owed to the Veteran's Administration ("VA") was deferred pursuant to 18 U.S.C. § 3664(d)(5) pending further briefing regarding a disputed portion of the claim for restitution. The parties agreed to the restitution amount for direct benefits which has since been reduced by amounts recovered from Defendant. The parties further agreed that the current amount owed for the direct benefits provided by the VA is $67,282. *See* Docket Nos. 118 and 123.

After the sentencing hearing, the Government filed its Memorandum in

**Restitution Order - Page 1**

Support of Additional Restitution seeking additional restitution of $21,669 for mental health treatment and dental treatment provided by the VA based on Defendant's disability rating assigned following his fraudulent claim of serving in combat.  Docket No. 108.  Subsequently, the Government filed a Notice to the Court of Government's Withdrawal of Additional Restitution Request  (Docket No. 123) withdrawing its request for reimbursement for PTSD mental health treatment.  After reducing the original $21,669 amount to reflect charges for the PTSD treatment, the Government now only seeks an additional $872 as reimbursement for dental care.

## DISCUSSION

The VA provides free dental care to veterans with an unemployability rating of 100 percent.  Defendant's unemployability rating was increased to that level only after he produced fraudulent documents to the VA.  After the fraud was discovered, the VA terminated the Defendant's 100 percent unemployability rating status.  Because Defendant's increased unemployability rating was based on his fraudulent claims, he was not entitled to the free dental care he received from 2004 to 2007.  Therefore, Defendant must pay restitution in the amount of the cost of the dental care provided to Defendant as a result of his fraud.

Defendant cites *Comer v. Peak*, 552 F.3d 1362 (Fed. Cir. 2009) and

**Restitution Order - Page 2**

*Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001) in support of his argument that he is not responsible for the cost of the dental care he received.  Based on these cases, Defendant asserts that the VA should have determined whether he was unemployable based on his other disabilities unrelated to the fraudulent PTSD.  The Court agrees with the Government, however, that these cases have no relation to this Court's decision of whether or not to order additional restitution.  The precedent cited by Defendant merely addresses what may have been ordered had Defendant appealed the VA's decision concerning his disability rating.  As the Government points out, Defendant has not made the Court aware of any appeals filed by him with respect to the VA's decision to sever benefits.  As these cases have no bearing on a restitution order in a criminal case, this Court declines to consider them in making its restitution determination.

## CONCLUSION

Based on the foregoing analysis, the Court will file an amended judgment reflecting restitution in the current amount owed for the direct benefits provided by the VA, $67, 282, plus the additional amount of dental services provided, $872, for a total of $68,154.

**Restitution Order - Page 3**



DATED:  **March 20, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Restitution Order - Page 4**